U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Case 3:16-mj-00879-BH   Document 1   Filed 11/08/16   Page 1 of 12   PageID 1
FILED

NOV - 8 2016

CLERK, U.S. DISTRICT COURT
By _____ NORTHERN _____
        Deputy

**SEALED**

# United States District Court

**DISTRICT OF** _____ **TEXAS** _____

**In the Matter of the Search of**

(Name, address or Brief description of person, property or premises to be searched)

Target Devices #1 and #2, currently located at the Federal Bureau of Investigations, 1 Justice Way, Dallas, Texas, 75220 and more fully described in Attachment A.

**APPLICATION AND AFFIDAVIT**
**FOR SEARCH WARRANT**

**CASE NUMBER:** 3:16-MJ- **879. BH**

I **Joseph M. Mathews** being duly sworn depose and say:

I am a(n) **Special Agent with the Federal Bureau Of Investigation (FBI)** and have reason to believe that on the person of or **XX** on the property or premises known as (name, description and/or location)

(SEE ATTACHMENT A).

in the _____ **NORTHERN** _____ District of _____ **TEXAS** _____ there is now concealed a certain person or property, namely (describe the person or property to be seized)

(SEE ATTACHMENT B).

**which is** (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure) **property that constitutes evidence of the commission of a crime, contraband, the fruits of crime, and is, otherwise, criminally possessed, concerning a violation of Title** 21 **United States Code, Section(s)** 841(a)(1), 843(b), 846 **and 18 U.S.C. §§1956 & 1957** . **The facts to support a finding of Probable Cause are as follows:**

(SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT JOSEPH M. MATHEWS).
Continued on the attached sheet and made a part hereof.     XX Yes __ No

_____
Signature of Affiant
**Joseph M. Mathews**
**Special Agent, FBI**

Sworn to before me, and subscribed in my presence

**November 8, 2016** _____     at     **Dallas, Texas** _____
**Date and Time**                                    **City and State**

**IRMA C. RAMIREZ**
**United States Magistrate Judge** _____
**Name and Title of Judicial Officer**          _____
                                    **Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR SEARCH WARRANT

### INTRODUCTION

1.      I, Joseph M. Mathews, a Special Agent (SA) OF the Federal Bureau of Investigation (FBI), being duly sworn, state the following:

2.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7), Title 18, United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

1.      I am a Special Agent with the Federal Bureau of Investigation, and have been since October 2010. I am a Special Agent within the FBI and have been assigned to the Hybrid Southwest Border Squad, which investigates Southwest Border violations to include, but not limited to drug trafficking, money laundering, extortion, weapons trafficking and kidnapping. Over the past four and a half years, I have received training and experience related to drug trafficking organizations specific to the illegal drug cartels located in Mexico and illegal drug activities in the United States. I have also received specialized training on the Universal Forensic Extraction Device utilized to extract evidentiary data from cellular telephones and other electronic devices.

2.      I have been involved in numerous investigations of individuals involved in smuggling and trafficking illegal controlled substances and laundering the proceeds derived there from. I have experience in the use of surveillance techniques, pen registers, Title III wire taps, undercover operations, electronic monitoring, the use of confidential

informants, debriefing of defendants, and the drafting and execution of search and arrest

warrants.  These investigations have resulted in the seizure of large quantities of illegal

drugs and proceeds derived from drug smuggling and trafficking activities. I am familiar

with the ways that drug traffickers conduct their business.

3.     My familiarity includes: the various means and methods by which drug

traffickers import and distribute drugs; their use of cellular telephones and calling cards

to facilitate drug activity; and their use of numerical codes and code words to conduct

drug transactions. I know that organized controlled substance trafficking organizations

utilize cellular telephones as instruments of communication and to store messages,

names, telephone numbers, codes, and other electronic data in furtherance of their

criminal activities.

4.     I am familiar with the facts and circumstances of the investigation set forth

below through my personal participation; from discussions with other federal agents and

local law enforcement officers; and from my review of records and reports relating to the

investigation.  Because this affidavit is submitted for the limited purpose of securing a

search warrant, I have not included details of every aspect of the investigation; rather

only those facts necessary to establish probable cause.

5.     I make this affidavit in support of an application under Rule 41 of the

Federal Rules of Criminal Procedure for a search warrant authorizing the examination of

an electronic device described in Attachment A for **TARGET DEVICES #1, #2,** which

is currently in law enforcement possession, and the extraction from that property of
electronically stored information as described in Attachment B.

6.      The items to be searched are described as the following:

   a.  Samsung cellular telephone, model SGH-A157V, with IMEI
       359785057999818 and included SIM Chip (**TARGET DEVICE #1**).

   b.  ZTE, model Z812, with IMEI 866737029947629, and included SIM
       chip (**TARGET DEVICE #2**).

7.      The **TARGET DEVICES #1, #2,** will be named hereafter **"TARGET
DEVICES".**  The **TARGET DEVICES** are currently located at the Federal Bureau of
Investigations, Dallas Field Office, 1 Justice Way, Dallas, 75220 where they have been
stored in a manner in which their contents are, to the extent material to this investigation,
in substantially the same state as they were when the **TARGET DEVICES** were first
seized by law enforcement.

8.      The applied for warrant would authorize the forensic examination of all the
**TARGET DEVICES** for the purpose of identifying and seizing electronically stored
data as described in Attachment B.  I believe that probable cause exists that all the
**TARGET DEVICES** include evidence of offenses involving; 21 U.S.C. §841(a)(1)
(possession of a controlled substance with intent to distribute); 21 U.S.C. §843(b) (use of
a telecommunication facility to facilitate a drug felony); and 21 U.S.C. §846 (conspiracy
to possess with the intent to a distribute controlled substance). 18 U.S.C. §§ 1956, and
1957 (the laundering of monetary instruments and engaging in monetary transactions in
proceeds derived from specified unlawful activity)

## **PROBABLE CAUSE**

9.      Over the past three years FBI Dallas has been investigating a poly-drug and money laundering organization. On June 23, 2015, more than 30 individuals were indicted out of the Northern District of Texas. On June 24, 2015, Federal arrest warrants were issued for these individuals. Of those individuals was Israel Vasquez a methamphetamine, heroin and marijuana trafficker who is also a DEA fugitive from 2009. On July 15, 2015, A multi-agency takedown occurred to arrest the aforementioned individuals. Agents attempted to locate Vasquez at several locations, but were unsuccessful. Also during this investigation, Vasquez's wife, Amber Vasquez, was indicted and agents attempted to locate her during the takedown. Agents were also unsuccessful in finding her. Both Israel and Amber Vasquez were fugitives avoiding law enforcement and believed to be traveling back and forth between Mexico and the United States using alias names. During this investigation, Agents found that Israel Vasquez was utilizing an alias name Adan Perez Perez. Vasquez had received money transfers through multiple financial institutions from the United States to Mexico in the alias name Adan Perez Perez. These transfers were believed to be from Vasquez's distribution of illegal drugs here in the United States.

10.     In April, 2016, corroborated information was received that Amber Vasquez and Israel Vasquez were in the United States. Agents were able to arrange for Amber Vasquez to turn herself in based upon the indictment out of the Northern District of Texas involving money laundering and illegal drugs.

11.     Agents then turned their attention to locating Israel Vasquez. Based on electronic surveillance, Israel Vasquez was located in the Everett, Washington area. On April 26, 2016, through a coordinated effort with FBI and Task Force Agents, Israel Vasquez was apprehended.

12.     Israel Vasquez was arrested with several forms of false identification in his alias name Adan Perez Perez mentioned in paragraph #9. Agents learned that Vasquez had utilized the alias to hide his identity while he was in Washington State.  Among the property seized from Israel Vasquez were two cellular telephones referenced in this affidavit as **TARGET DEVICES.** Based on the affiant's experience and knowledge of the investigation, the telephones seized likely contain evidence of illegal drug trafficking.

13.     Affiant believes **TARGET DEVICES** contain stored messages, names, telephone numbers, codes, and/or other electronic data in furtherance of the organized criminal enterprise that is distributing large quantities of crystal methamphetamine.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can oftentimes be recovered with forensics tools.

1.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that

establishes how the **TARGET DEVICES** were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the **TARGET DEVICES** because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on the **TARGET DEVICES** can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored

on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

2.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

3.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **TARGET DEVICES** described in Attachment A to seek the items described in Attachment B.

Joseph M. Mathews, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me by said Affiant on this the _____ day of
November, 2016.

HON. IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

## ATTACHMENT A

    a.  Samsung cellular telephone, model SGH-A157V, with IMEI 359785057999818 and included SIM Chip (**TARGET DEVICE #1**).

    b.  ZTE, model Z812, with IMEI 866737029947629, and included SIM chip (**TARGET DEVICE #2**).

The **TARGETED DEVICES** are currently located at Federal Bureau of Investigations, 1 Justice Way, Dallas, Texas, 75220.

**ATTACHMENT B**

All records on the Target Devices described in Attachment A that relate to violations of; 21 U.S.C. § 841(a)(1) (possession of a controlled substance with intent to distribute); 21 U.S.C. § 843(b) (use of a telecommunication facility to facilitate a drug felony); and 21 U.S.C. § 846 (conspiracy to possess with the intent to a distribute controlled substance) including:

a.  lists of customers and related identifying information;

b.  text messages and other non-verbal communications stored on the **TARGET DEVICES.**

c.  records of incoming and outgoing calls received and placed;

d.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

e.  any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

f.  any information recording **Israel Vasques a/k/a Adan Perez Perez** schedule or travel;

g.  all bank records, checks, credit card bills, account information, and other financial records; and

h.  any and all photographs related to the distribution of narcotics and associates involved in the related importation/facilitation/distribution of narcotics.

      i.   evidence of user attribution showing who used or owned the **TARGET DEVICES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.